FILED
2011 Sep-19  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **SHONDU GREEN and**<br>**ADRIANECRAWFORD GREEN,**   )<br>    )<br>**Plaintiffs,**   )<br>    )<br>**v.**   )<br>    )<br>**CHASE HOME FINANCE, LLC and**   )<br>**EQUIFAX INFORMATION SERVICES**   )<br>**LLC,**   )<br>    )<br>**Defendants.**   ) | **Civil Case No.** |

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Equifax Information Services LLC ("Equifax") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and thereby removes this civil action from the Circuit Court for Jefferson County, Alabama, wherein it is now pending as Case No. 01-cv-2011-902870.0 to the United States District Court for the Northern District of Alabama, with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, including but not limited to defenses related to service of process, jurisdiction and venue.  In support of this Notice, Defendant Equifax states the following:

1. An action was filed on August 11, 2011 in the Circuit Court of Jefferson County, Alabama entitled *Shondu Green and Adriane Crawford Green v. Equifax Information Services LLC, et al* (the "Circuit Court Action").

2. Defendant Equifax was served with the Complaint on August 16, 2011.

3. Defendant Chase Home Finance was served with the Complaint on August 22, 2011.

4.     This Notice of Removal is being filed within the thirty (30) day time period, as required by 28 U.S.C. § 1446(b), of Plaintiff's initial pleading setting forth the grounds for his action and his claims for relief.

5.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, other pleadings and orders served upon defendant Equifax in the Circuit Court Action are attached hereto as Exhibit B.

6.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically 15 U.S.C. §§ 1681, *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

(a)     Plaintiffs' complaint, on its face, alleges a violation of the FCRA.  *See* Exhibit B, Complaint, First Claim for Relief.  In the Complaint, Plaintiffs allege that Equifax failed to comply with the requirements of the FCRA.  Equifax is a consumer reporting agency under the FCRA.  *See* 15 U.S.C. § 1681a(f).  Plaintiffs are consumers under the FCRA.  *See* 15 U.S.C. § 1681a(c). The FCRA governs the accuracy of information contained in consumers' credit files such as those of Plaintiff.

(b)     The FCRA, pursuant to 15 U.S.C. § 1681p, provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy."

7.     Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Northern District of Alabama, because the county from which the Circuit Court civil action is being removed lies within this district and division.

8.      Defendant Chase has consented to this Notice of Removal without waiving any defenses, including but not limited to insufficient service of process, as evidenced by the Consent to Removal filed concurrently herewith and attached as Exhibit A.

9.      Promptly after the filing of this Notice of Removal, Equifax shall give written notice of the removal to the plaintiff and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Equifax prays that the above-described action now pending in the Circuit Court of Jefferson County, Alabama, be removed to this Court.

Respectfully submitted this 15th day of September, 2011.

EQUIFAX INFORMATION SERVICES LLC

_____

Victoria Franklin-Sisson
Attorney for Defendant Equifax Information
Services LLC

OF COUNSEL:
JONES WALKER WAECHTER POITEVENT
CARRERE & DENEGRE, LLP
1819 5th Avenue North – Suite 1100
Birmingham, AL 32503
(205) 244-5214
(205) 244-5400 – Fax

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX'S NOTICE OF REMOVAL by depositing same in the U.S. Mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

> John G. Watts
> Watts Law Group
> The Kress Building
> 301 19th Street North
> Birmingham, AL 35203
>
> James F. Hughey
> Chase Home Finance, LLC
> Lightfoot, Franklin & White, LLC
> The Clark Building
> 400 20th Street North
> Birmingham, AL 35203

This ___15th___ day of September, 2011.

_____
Counsel for Defendant Equifax
Information Services LLC

4

*EXHIBIT A*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SHONDU GREEN and<br>ADRIANECRAWFORD GREEN,<br><br>     Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC and<br>EQUIFAX INFORMATION SERVICES<br>LLC,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. |

## JOINDER AND CONSENT TO REMOVAL OF
## DEFENDANT CHASE HOME FINANCE, LLC

Defendant Chase Home Finance, LLC acknowledges its consent to removal of this action

from the Circuit Court for Jefferson County, Alabama to the United States District Court for the

Northern District of Alabama.

Respectfully submitted this 15th day of September, 2011.

                 CHASE HOME FINANCE, LLC

        By:_____
                 Brooke G. Malcom
                 Lightfoot, Franklin & White, LLC
                 The Clark Building
                 400 20th Street North
                 Birmingham, AL 35203

# EXHIBIT B


ELECTRONICALLY FILED
11 7:01 PM
CV-2011-902870.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SHONDU GREEN, an individual, and ADRIANE CRAWFORD GREEN, an individual,     ) ) ) ) | |
|     **Plaintiffs,**    ) ) | **Civil Action No.:** |
| **v.**    ) ) | |
| CHASE HOME FINANCE, LLC, a Corporation; and EQUIFAX INFORMATION SERVICES, LLC, a Corporation    ) ) ) ) ) | |
|     **Defendants.**    ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, Shondu Green and Adriane Crawford Green, by and through

counsel, in the above styled cause, and for the Complaint against the Defendants state as follows:

1.    This is an action brought by consumers for violations of the Fair Credit Reporting Act

(15 U.S.C. § 1681 et seq. [hereinafter "FCRA"].

### Parties

2.    The Plaintiffs, Shondu Green and Adriane Crawford Green ("Shondu", "Adriane" or

"Plaintiffs"), are natural persons who reside in Alabama.

3.    Defendant Chase Home Finance, LLC ("Defendant" or "Chase") is a foreign company

that furnishes consumer credit information about Plaintiffs and engages in business in this

judicial district.  Its principal place of business is the State of Delaware and it is

incorporated in Delaware.

4.    Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign

company that engages in the business of maintaining and reporting consumer credit

information and does business in this judicial district.  Its principal place of business is the State of Georgia and it is incorporated in Georgia.

**Factual Allegations**

5.  On May 7, 2008, the Bankruptcy Court for the Northern District of Alabama issued Plaintiffs a Discharge Order in case 07-02587-TBB7.

6.  Plaintiffs surrendered possession of the home that was the subject of a Chase home loan.

7.  Plaintiffs included Chase in the bankruptcy.

8.  Chase received notice of the Plaintiffs' bankruptcy.

9.  Chase received notice of the Discharge Order of May 7, 2008.

10.  Chase received notice of the Discharge Order of May 7, 2008 before June 1, 2008.

11.  Chase understands that a Discharge Order means it must report a zero current balance on any discharged debt it reports.

12.  Chase understands that  a Discharge Order means it must report the account as "included in bankruptcy" or "discharged in bankruptcy" or words to this effect.

13.  In April of 2010, Plaintiffs were surprised to find the Chase account number 108276XXXXX on Plaintiffs' credit reports reporting with a balance of $44,984.00.

14.  In April 2010, the Chase account showed a balance over $40,000.00.

15.  Plaintiffs disputed the account with Equifax by letter dated April 28, 2010.

16.  Chase and Equifax refused to correct the false reporting.

17.  Plaintiffs disputed the account with Chase  and Equifax by letter dated April 8, 2011.

18.  The account is inaccurate because Plaintiffs were discharged from Chapter 7 Bankruptcy on May 7, 2008.

19.  Equifax received the dispute letter dated April 28, 2010, for Shondu.

2

20.   Equifax received the dispute letter dated April 28, 2010, for Adriane.

21.   Chase refused to acknowledge or respond to the April 18, 2011 letters from Plaintiffs.

22.   Equifax received the dispute letter dated April 8, 2011, for Shondu.

23.   Equifax received the dispute letter dated April 8, 2011, for Adriane.

24.   Chase received the dispute letter dated April 8, 2011, for Shondu.

25.   Chase received the dispute letter dated April 8, 2011, for Adriane.

26.   Equifax responded to Plaintiffs' letter of April 28, 2010, but refused to show the account as a zero balance.

27.   Equifax responded to Plaintiffs' letter of April 8, 2011, but refused to show the account as a zero balance

28.   On May 2, 2011, Equifax responded to Plaintiffs' dispute letters by stating that the current status was being reported correctly.

29.   As it is obvious that Equifax and Chase will not do anything to get this false information off of Plaintiffs' credit reports, Plaintiffs are left with the choice to either accept this slanderous matter on Plaintiffs' credit reports or file suit.

30.   Plaintiffs have chosen, as a last resort, to file suit.

31.   Plaintiffs are "consumers" as defined by the FCRA.

32.   Defendant Equifax did not perform any type of reasonable investigation.

33.   Defendant Equifax notified Defendant Chase in accordance with the FCRA of the dispute by the Plaintiffs.

34.   Alternatively, Equifax failed to notify Chase in accordance with the FCRA of the dispute by the Plaintiffs.

3

35.   Defendants failed to properly investigate this dispute as if Defendants had properly investigated, the Chase account would have been deleted or shown with a zero balance.

36.   All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

37.   The importance of keeping accounts on credit reports is that all the Defendants understand that one of the most powerful methods furnishers have to wrench payment from a consumer is by placing accounts and judgments on the consumer's credit reports.

38.   Defendants have a policy and procedure to refuse to correct credit reports of consumers, like Plaintiffs.

39.   The reason is to keep false information on the credit report when Defendants know no money is owed.

40.   Defendant Chase assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

41.   Defendant Chase has a policy to "park" its accounts on at least one of the consumer's credit reports.  This is a term in the industry for keeping a false information on the account on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' wrongful conduct.

42.   Parking is particularly common with accounts which have been discharged in bankruptcy.

43.    In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal law to accurately report the account and the balance.

44.    All Defendants know that parking a balance will lead to false and defamatory information being published every time Plaintiffs' credit reports are accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force Plaintiffs to pay on an account Plaintiffs do not owe.

45.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to conduct a proper investigation on Plaintiffs' disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

46.    At all relevant times the Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

47.    Defendants have failed to properly investigate the account in response to the disputes made by Plaintiffs.

48.    The conduct of the Defendants has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

49.    Plaintiffs' Equifax report has been pulled by one or more potential creditors.

50.    The false information on the Chase account was on the report(s) pulled by creditors.

51.   As a result of Defendants' wrongful conduct, Plaintiffs have been unable to obtain a mortgage loan.

52.   It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA.

53.   All Defendants are sophisticated businesses and they know their conduct is wrong.

54.   All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

55.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiffs and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

56.   All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

57.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

58.   Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

59. Defendant Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

60. Plaintiffs notified Defendant Equifax directly of a dispute on the Defendant Chase account's completeness and/or accuracy, as reported.

61. Defendant Equifax properly notified Defendant Chase of Plaintiffs' April 28, 2010, dispute in accordance with the FCRA requirements.

62. Alternatively, Defendant Equifax failed to properly notify Defendant Chase of Plaintiffs' April 28, 2010, dispute in accordance with the FCRA and thereby violated the FCRA.

63. Defendant Equifax properly notified Defendant Chase of Plaintiffs' April 8, 2011, dispute in accordance with the FCRA requirements.

64. Alternatively, Defendant Equifax failed to properly notify Defendant Chase of Plaintiffs' April 18, 2011, dispute in accordance with the FCRA and thereby violated the FCRA.

65. Defendants failed to delete information found to be inaccurate, failed to correct false information, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

66. At all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report/reports, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

67. Defendants failed to conduct a proper and lawful reinvestigation.

68. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their

actions would very likely harm Plaintiffs and/or that their actions were taken in violation of the FCRA and/or that knew or should have known that their actions were in reckless disregard of the FCRA.

69.    All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A.    An award of statutory, actual, compensatory and punitive damages, and costs of the action including litigation expenses, together with reasonable attorney's fees.

B.    Plaintiffs also request all further relief to which Plaintiffs are entitled under Federal law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**Watts Law Group, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**M. Stan Herring, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

/s/ S. Scott Allums
**S. Scott Allums (ALL063)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**S. Scott Allums, PC**
506 North 18th Street
Birmingham, Alabama 35020
(205) 426-7080
(205) 426-7090 *facsimile*
ssallums@gmail.com

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiffs**

**Serve defendants via certified mail at the following addresses:**

Chase Home Finance, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating SVC Inc.
150 S. Perry Street
Montgomery, Alabama 36104



ELECTRONICALLY FILED
8/6/2011 7:01 PM
CV-2011-902870.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SHONDU GREEN, an individual, and ADRIANE CRAWFORD GREEN, an individual, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No.: |
| | ) |
| v. | ) ) |
| CHASE HOME FINANCE, LLC, a Corporation; and EQUIFAX INFORMATION SERVICES, LLC, a Corporation | ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT, CHASE HOME FINANCE, LLC

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiffs propound the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.     The date of the document;

b.     The type of document;

c.     The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.     The name of the employer or principal whom the signers, addressers and preparers were representing;

e.     The present location of the document;

f.     The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.     A summary of the contents of the document; and

h.     If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location.  If there

are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

## INTERROGATORIES

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiffs request that Defendant(s) answer, under oath, the following interrogatories:**

1. State whether you have reported data on the Plaintiff's consumer reports which is inaccurate and, if so, state why such inaccurate information was reported to the credit bureas and/or was placed on his/her/their consumer report(s), state the date(s) such report(s) was (were) issued, to whom the report(s) was (were) issued, and state what you could and should have done to prevent the inaccurate data from being reported on his/her/their consumer report(s).

2. For each dispute of any type from or related to the Plaintiffs (whether received from a CRA or directly from the Plaintiffs) or concerning any account of Plaintiffs, please describe the process of the investigation and the result of the investigation as set forth below:

    a. List the date of each such dispute;

    b. Describe the policy and procedure for investigating the dispute including what documents are to be consulted or reviewed; what documents are to be generated; and the identities or description of who is to be involved in any manner with making the decisions;

    c. For each dispute (listing the date) describe in detail whether the above described policy and procedure for investigating the dispute was followed; what documents were consulted or reviewed; what documents were generated; the identities of all persons involved in any manner with processing or handling the dispute and/or making the decision on the investigation; and the result of the investigation.

3.  For each dispute that was received by you related to the Plaintiffs, identify the following:

    a.  The amount of time the person or persons spent investigating each dispute;

    b.  Whether each person or persons are employed by you;

    c.  Whether each person or persons could make an outbound call in the investigation;

    d.  Whether each person or persons could send or receive an email;

    e.  Whether each person or persons could send or receive a fax;

    f.  The amount of compensation each such person or persons received for the investigation; and

    g.  Whether each person or persons complied with your policies and procedures in the investigation of the Plaintiff's dispute.

4.  Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

    a.  Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

    b.  If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

    c.  Please explain and describe your understanding of their knowledge of such facts.

5.   Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant or Credit Reporting Agency, as well as the Plaintiff, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiffs' complaint, or your answer, anticipated answer and/or defenses thereto.

6.   Please state whether you have reported any accounts of or related to the Plaintiffs and, in connection with your response, please identify the recipients of such reports, the manner reported, the identifying data connected with the report, and explain and describe the manner and identifiers under which you received the information.

7.   State all of the facts and describe all actions you took, including not limited to correspondence and communications with any consumer reporting agency, furnisher, creditor or potential creditor, or the Plaintiffs, with regard to or which in any way references the Plaintiffs and/or any of the accounts of the Plaintiffs.

8.   State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database by whatever name called for the three (3) years prior to and including the year of the filing of this action.  Please also state your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure you conduct a reasonable and proper reinvestigation of any disputed accounts for the three (3) years prior to and including the year of the filing of this action.

9.    If any document that is or would have been responsive to Plaintiffs' Requests for
      Production of Documents to you was destroyed, lost, mislaid, or otherwise missing,
      identify the document, state the date of and reason for its destruction, and identify all
      persons having knowledge of its contents and/or the reason for its destruction.

10.   If any document responsive to Plaintiffs' Request for Production of Documents to you is
      withheld from production, identify each such document by date, title, subject matter,
      length and the request to which it is potentially responsive and state the reason for
      withholding production, and identify each person to whom the document was sent,
      shown, or made accessible, or to whom it was explained.

11.   State your procedures (and identify all documents related thereto) designed to assure the
      proper investigation or reinvestigation of disputed consumer data and the overall
      accuracy of the information in your consumer credit database and consumer reports you
      issued for the three (3) years prior to and including the year of the filing of this action.

12.   Please list, explain and describe documents known to you or believed by you to exist
      concerning any of the events described in Plaintiffs' complaint or concerning any of the
      events which are the subject[s] of any defense[s] you have raised to this lawsuit.

13.   Please list, explain and describe each and every contact or communication you received
      from the CRAs which, in any way, referenced Plaintiff.  This request would include any
      GEIS [General Electric Information Services]-based and E-Oscar communications,
      UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls
      and other means of communication.

14.   Identify all suits against you or any related company since January 1, 2008, related to a
      claim that you had falsely reported information about a consumer to the CRAs and/or

improperly investigated a consumer dispute relating to information reported by you to any credit reporting agency. State for each case whether you reported information that was accurate or false. Finally, for each suit, state what changes were made to your policies and procedures for reporting information to the CRAs and handling investigation/reinvestigations.

15.    If you answer any Request for Admissions with anything other than an "Admitted", fully explain your response, identifying all documents and persons related to the response.

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OFDOCUMENTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.    Please produce all documents involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of his personal identifiers.

2.    Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

3.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data to any consumer reporting agency, during each of the three (3) years prior to this lawsuit and up to the present.

4.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for altering previously reported data to any consumer reporting agency or any other entity, during each of the three (3) years prior to this lawsuit and up to the present.

5.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data, during each of the three (3) years prior to this lawsuit and up to the present.

6.      Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the three (3) years prior to this lawsuit and up to the present.

7.      Please produce your policy manuals, procedure manuals, or other documents or video, which are provided to your employees or independent contractors concerning retention, alteration, correction, investigation, dissemination or disposal of data provided to any consumer reporting agency or any other entity or placed in any report during each of the three (3) years prior to this lawsuit and up to the present.

8.      Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants.

9.      Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for handling Consumer Disputes, including but not limited GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls, and other means, by whatever named called, of communication to any other agency, entity, consumer reporting agency or furnisher, in each of following three (3) years prior to this lawsuit and up to the present.

10.     Please produce all of your documents evidencing or including data concerning the names, addresses, telephone numbers and personnel files of current employees and current

whereabouts of each and every one of your employees who communicated with Plaintiff, investigated the plaintiff's dispute, or handled, processed, updated in any way Plaintiff's credit reports and/or accounts or tradelines.

11.   Please provide a complete audit trail of any document(s), computer(s), or other data held by you which constitute, indicate, address or discuss your investigation or reinvestigation or modifying or amending any information regarding Plaintiff reported by you.

12.   Please produce all documents which constitute consumer dispute verification (CDV's), Universal Data correction forms, correspondence with any consumer reporting agency, data deletion forms, or any other documents which request an alteration and/or deletion of data you or any other defendant, individual or entity had reported about Plaintiff, which contained any one of Plaintiff's personal identifiers.

13.   Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

14.   Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

15.   Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or collection agency or furnisher or government

bureau or any Better Business Bureau which in any way relates to the account or Plaintiff.

16.    Please produce all documents which refer in any manner to the Plaintiff or any of Plaintiff's accounts or credit or consumer reports.

17.    Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiffs demand that the following be admitted or denied:**

1.    You agree discharged accounts must be reported as a zero balance.

2.    You understand that accurate credit reporting is essential for the U.S. economy to work properly.

3.    You take very seriously the obligation to properly investigate a dispute regarding credit reporting.

4.    You received Plaintiffs' letters of April 8, 2011, to you.

5.    Equifax notified you of Plaintiffs' April 28, 2010, dispute.

6.    Equifax notified you of Plaintiffs' April 8, 2011, dispute.

7.    You told Equifax to keep reporting a balance in response to the April 28, 2010, dispute of Shondu.

8.    You told Equifax to keep reporting a balance in response to the April 8, 2011, dispute of Shondu.

9.    You told Equifax to keep reporting a balance in response to the April 28, 2010, dispute of Adrienne.

10.    You told Equifax to keep reporting a balance in response to the April 8, 2011, dispute of

Adrienne.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**Watts Law Group, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**M. Stan Herring, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

/s/ S. Scott Allums
**S. Scott Allums**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**S. Scott Allums, PC**
506 North 18th Street
Birmingham, Alabama 35020
(205) 426-7080
(205) 426-7090 *facsimile*
ssallums@gmail.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
3/8/2011 7:01 PM
CV-2011-902870.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| SHONDU GREEN, an individual, and ADRIANE CRAWFORD GREEN, an individual, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No.: |
| | ) |
| v. | ) ) |
| CHASE HOME FINANCE, LLC, a Corporation; and EQUIFAX INFORMATION SERVICES, LLC, a Corporation | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT EQUIFAX INFORMATION SERVICES, LLC**

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiffs propound the following discovery interrogatories and requests:

**INSTRUCTIONS**

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.      The date of the document;

b.      The type of document;

c.      The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.      The name of the employer or principal whom the signers, addressers and preparers were representing;

e.      The present location of the document;

f.      The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.      A summary of the contents of the document; and

h.      If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location.  If there

are no such documents, please so state.   If there are such documents, please list and mark appended documents responsive to each request.  (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

## INTERROGATORIES

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.     State your procedures (and identify all documents related thereto) designed to assure the proper investigation or reinvestigation of disputed consumer data and the overall accuracy of the information in your consumer credit database and consumer reports or disclosures you issued.

2.     For each dispute of any type from or related to the Plaintiff or concerning any account of Plaintiff, please describe the process of the investigation and the result of the investigation as set forth below:

    a.     List the date of each such dispute;

    b.     Describe the policy and procedure for investigating the dispute including what documents are to be consulted or reviewed; what documents are to be generated; and the identities or description of who is to be involved in any manner with making the decisions;

    c.     For each dispute (listing the date) describe in detail whether the above described policy and procedure for investigating the dispute was followed; what documents were consulted or reviewed; what documents were generated; the identities of all persons involved in any manner with processing or handling the dispute and/or making the decision on the investigation; and the result of the investigation.

3.     For each dispute that was received by you related to the Plaintiff, identify the following:

    a.     The amount of time the person or persons spent investigating each dispute;

    b.     Whether each person or persons are employed by you;

c.     Whether each person or persons could make an outbound call in the investigation;

d.     Whether each person or persons could send or receive an email;

e.     Whether each person or persons could send or receive a fax;

f.     The amount of compensation each such person or persons received for the investigation; and

g.     Whether each person or persons complied with your policies and procedures in the investigation of the Plaintiff's dispute.

4.   Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

a.     Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

b.     If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

c.     Please explain and describe your understanding of their knowledge of such facts.

5.   Identify all suits against you or any related company since January 1, 2008, related to a claim that you had improperly investigated or failed to maintain procedures to insure maximum accuracy related to an alleged consumer's account(s) and/or consumer disclosure/credit report of any type.  State for each case whether you reported information

that was accurate or false.  Finally, for each suit, state what changes were made to your policies and procedures.

6.    Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as the Plaintiff, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiffs' complaint, or your answer, anticipated answer and/or defenses thereto.

7.    Please state whether you have reported any accounts of or related to the Plaintiff to any recipients and, in connection with your response, please identify the recipients of such reports, the manner reported, the identifying data connected with the report, and explain and describe the manner and identifiers under which you received the information.

8.    State all of the facts and describe all actions you took, including not limited to correspondence and communications with any consumer reporting agency, furnisher, creditor or potential creditor, or the plaintiff, with regard to or which in any way references the Plaintiff and/or any of the accounts of the Plaintiff.

9.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database as set forth in §1681e(b).  Please also state your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure you conduct a reasonable and proper reinvestigation of any disputed accounts as set forth in §1681i.

10. If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

11. If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

12. State whether you have reported data on the Plaintiff's consumer reports or consumer disclosures which is inaccurate and, if so, state why such inaccurate information was placed on his/her/their consumer report(s) or consumer disclosures, state the date(s) such report(s) / disclosures was (were) issued, to whom the report(s) was (were) issued, and state what you could and should have done to prevent the inaccurate data from being reported on his/her/their consumer report(s) or disclosures.

13. Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject[s] of any defense[s] you have raised to this lawsuit.

14. Please list, explain and describe each and every contact or communication you received from (and all documents you sent) your co-defendants which, in any way, referenced Plaintiff. This request would include any GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls and other means of communication.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1. Please produce all documents involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of his personal identifiers.

2. Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

3. Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data to any consumer reporting agency, during each of the three (3) years prior to this lawsuit and up to the present.

4. Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for altering previously reported data to any consumer reporting agency or any other entity, during each of the three (3) years prior to this lawsuit and up to the present.

5. Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data, during each of the three (3) years prior to this lawsuit and up to the present.

6. Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the three (3) years prior to this lawsuit and up to the present.

7.   Please produce your policy manuals, procedure manuals, or other documents or video, which are provided to your employees or independent contractors concerning retention, alteration, correction, investigation, dissemination or disposal of data provided to any consumer reporting agency or any other entity or placed in any report during each of the three (3) years prior to this lawsuit and up to the present.

8.   Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants.

9.   Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for handling Consumer Disputes, including but not limited GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls, and other means, by whatever named called, of communication to any other agency, entity, consumer reporting agency or furnisher, in each of following three (3) years prior to this lawsuit and up to the present.

10.  Please produce all of your documents evidencing or including data concerning the names, addresses, telephone numbers and personnel files of current employees and current whereabouts of each and every one of your employees who communicated with Plaintiff, investigated the plaintiff's dispute, or handled, processed, updated in any way Plaintiff's credit reports and/or accounts or tradelines.

11.  Please provide a complete audit trail of any document(s), computer(s), or other data held by you which constitute, indicate, address or discuss your investigation or reinvestigation or modifying or amending any information regarding Plaintiff reported by you.

12.   Please produce all documents which constitute consumer dispute verification (CDV's), Universal Data correction forms, correspondence with any consumer reporting agency, data deletion forms, or any other documents which request an alteration and/or deletion of data you or any other defendant, individual or entity had reported about Plaintiff, which contained any one of Plaintiff's personal identifiers.

13.   Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

14.   Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

15.   Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or collection agency or furnisher or government bureau or any Better Business Bureau which in any way relates to the account or Plaintiff.

16.   Please produce all documents which refer in any manner to the Plaintiff or any of Plaintiff's accounts, including but not limited to credit reports or consumer reports.

17.   Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

<u>**REQUEST FOR ADMISSIONS**</u>

**Pursuant to the Rules of Civil Procedure the Plaintiffs demand that the following be admitted or denied:**

1.      You agree discharged accounts must be reported as a zero balance.

2.      You sent proper notification to Chase within time limits of FCRA on the April 28, 2010 letters.

3.      You sent proper notification to Chase within time limits of FCRA on the April 8, 2011 letters.


Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**Watts Law Group, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com


/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**M. Stan Herring, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

/s/ S. Scott Allums
**S. Scott Allums**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**S. Scott Allums, PC**
506 North 18th Street
Birmingham, Alabama 35020
(205) 426-7080
(205) 426-7090 *facsimile*
ssallums@gmail.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/01/2011 7:01 PM
CV-2011-902870.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SHONDU GREEN, an individual, and ADRIANE CRAWFORD GREEN, an individual, )))) | |
| Plaintiffs, ) | Civil Action No.: |
| v. )) | |
| CHASE HOME FINANCE, LLC, a Corporation; and EQUIFAX INFORMATION SERVICES, LLC, a Corporation )))))) | |
| Defendants. ) | |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF CHASE HOME FINANCE, LLC BY VIDEO OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**     **Corporate Representative of Chase Home Finance, LLC**

**DATE:**           **November 14, 2011**

**TIME:**           **9:00 a.m.**

**PLACE:**          **M. Stan Herring P.C &**
                    **Watts Law Group**
                    **The Kress Building**
                    **301 19th Street North**
                    **Birmingham, AL 35203**

**Please note that pursuant to Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual(s) to testify as to the following matters:**

1.   All allegations of fact stated in the complaint in this lawsuit.

2.   All affirmative defenses asserted by the Defendant.

3.  Whether or not Defendant's credit reportings to the major credit reporting agencies relating to Plaintiff were accurate.

4.  Whether or not Plaintiff owes or ever owed money to Defendant.

5.  The policies, procedures and practices put in place by the Defendant to insure that the investigations or reinvestigations initiated by Plaintiff (whether directly to Defendant or through a CRA) would result in accurate credit reportings relating to Plaintiff.

6.  The definition of "accurate" and "verifiable" as those terms are used in Defendant's investigation or reinvestigation process.

7.  The nature and content of any records maintained by the Defendant--including archived copies and recorded conversations--relating to the reinvestigation of any trade lines appearing on Plaintiff's credit report.

8.  The number of reinvestigations of credit disputes handled by the Defendant on an annual basis and economic resources attributable to those reinvestigations.

9.  The existence and content of any reports or documents assessing the accuracy or reliability of credit reporting submitted by Defendant including any reports to or by the credit reporting agencies regarding the accuracy and reliability of those reportings.

10. Any quotas or productivity targets for the Defendant's reinvestigators of credit disputes.

11. Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Defendant.

12. The documents and informational resources available to the Defendant's employees who are responsible for reinvestigating disputed credit reportings made by the Defendant.

13. The budgetary allocation of resources of the Defendant to reinvestigations of credit reporting disputes.

14. The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

15. The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

16. Scope of Defendant's employees' authority to correct credit reporting errors.

17. The existence and content of any policy or procedure for handling credit reporting reinvestigations.

18. The documents which are regularly maintained by the Defendant relative to any investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

19. The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

20. The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

21. The identity and expert credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

22. Identity of any person participating in the opening, servicing or handling of the transaction underlying this lawsuit (i.e. the account) or events surrounding it.

23. Any communications between the Defendant and the Plaintiff relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

24. Any releases or waivers signed by the Plaintiff.

25. Any insurance or bonding carried by the Defendant, which may provide coverage for the allegations in Plaintiff's complaint.

26. Whether or not the Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at § 1681a(c).

27. The existence of, date of and receipt of any credit applications from the Plaintiff.

28. The manner in which the Defendant reports or otherwise furnishes credit information to credit reporting agencies.

29. The procedures in place at the Defendant to insure that false or inaccurate information is not reported on any consumer's credit report or to any credit reporting agency.

30. Whether or not the Defendant has reported credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

31. The format of the Defendant's credit reportings [e.g.] Metro or Metro II format.

32.    The content of each available data field or segment reported relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

33.    The capability of the Defendant's computer to reproduce records of past credit reportings to consumer reporting agencies.

34.    The policy, practice, and procedure relating to incomplete reporting of the available data fields or segments reported to credit reporting agencies.

35.    Whether or not Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

36.    Whether or not the Defendant received notice from any consumer reporting agency that Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

37.    The time and form in which such dispute was received, and the identity of any persons reviewing or acting on it.

38.    The time, place, and manner in which any actions were taken in response to any such notice.

39.    The steps and measures that were taken in the course of investigating or reinvestigating any credit information supplied by the Defendant, which credit information related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

40.    The content of any information which was used in order to investigate or reinvestigate any credit reporting dispute by Plaintiff's of credit information supplied by the Defendant.

41.    The identity of any individual who participated in or supervised any investigation or reinvestigation of a credit reporting dispute by Plaintiff's of credit information supplied by the Defendant.

42.    The existence and nature of the legal relationship between the Defendant and any consumer reporting agencies to which it reports credit information.

43.    Any conditions under which the Defendant has agreed to make its data available to the any consumer reporting agency to which it reports credit information.

44.     Whether or not the Defendant's actions in relation to its in investigating or reinvestigating its credit reporting and the reporting of credit data relating to the Plaintiff was willful.

45.     Whether or not the Defendant willfully failed in its duties to properly investigate or reinvestigate credit disputes sent by the Plaintiff to consumer reporting agencies.

46.     The motive and intent of the Defendant's actions in relation to its reporting and investigation or reinvestigation of the credit information relating to Plaintiff's personal identifiers.

47.     The policy and procedure from when to not respond to a consumer's direct dispute to the Defendant concerning allegedly false information on a credit report.

48.     The policies and procedures on investigating post-discharge reporting.

49.     Proper reporting for a discharged debt.

Plaintiff hereby requests all deponents bring all documents responsive to and in support of the categories listed above and all documents related to any discovery request and present the originals of these documents for inspection and copying at the deposition.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**Watts Law Group, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**M. Stan Herring, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

/s/ S. Scott Allums
**S. Scott Allums (ALL063)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**S. Scott Allums, PC**
506 North 18th Street
Birmingham, Alabama 35020
(205) 426-7080
(205) 426-7090 *facsimile*
ssallums@gmail.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/01/2011 7:01 PM
CV-2011-902870.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SHONDU GREEN, an individual, and<br>ADRIANE CRAWFORD GREEN, an<br>individual, | )<br>)<br>) |
| | ) |
| Plaintiffs, | )   Civil Action No.: |
| | ) |
| v. | ) |
| | ) |
| CHASE HOME FINANCE, LLC, a<br>Corporation; and EQUIFAX<br>INFORMATION SERVICES, LLC, a<br>Corporation | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF EQUIFAX INFORMATION SERVICES, LLC BY VIDEO OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:**     **Corporate Representative of Equifax Information Services, LLC**

**DATE:**          **November 15, 2011**

**TIME:**          **9:00 a.m.**

**PLACE:**        **Watts Law Group, P.C.**
                     **The Kress Building**
                     **301 19th Street North**
                     **Birmingham, AL 35203**

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:**

1.     All allegations of fact stated in the complaint in this lawsuit.

2.     All affirmative defenses asserted by the Defendant.

3.     Whether or not Defendant's credit reporting on the subject account was accurate.

4.  The policies, procedures and practices put in place by the Defendant to insure that the investigations or reinvestigations initiated by Plaintiff would result in accurate credit reportings relating to Plaintiff.

5.  The definition of "accurate" and "verifiable" as those terms are used in Defendant's investigation or reinvestigation process.

6.  The nature and content of any records maintained by the Defendant--including archived copies and recorded conversations--relating to the investigation or reinvestigation of any trade lines appearing on Plaintiff's credit report.

7.  The number of reinvestigations of credit disputes handled by the Defendant on an annual basis and economic resources attributable to those investigations or reinvestigations.

8.  Any quotas or productivity targets for the Defendant's reinvestigators of credit disputes.

9.  Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Defendant.

10. The documents and informational resources available to the Defendant's employees who are responsible for reinvestigating disputed credit reportings made by the Defendant.

11. The budgetary allocation of resources of the Defendant to reinvestigations of credit reporting disputes.

12. The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

13. The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

14. The identity, content, and number of computer systems used to maintain data on consumers, their accounts, collections or applications and the access given to each of those systems.

15. Scope of Defendant's employees' authority to correct credit reporting errors.

16. Outsourcing by Defendant of any of the investigation or reinvestigation process.

17. The existence and content of any policy or procedure for handling credit reporting reinvestigations.

18.   The documents which are regularly maintained by the Defendant relative to any investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

19.   The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

20.   The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

21.   The identity and expert credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

22.   Any communications between the Defendant and the Plaintiff relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

23.   Any releases or waivers signed by the Plaintiff.

24.   Any insurance or bonding carried by the Defendant, which may provide coverage for the allegations in Plaintiff's complaint.

25.   Whether or not the Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at § 1681a(c).

26.   The existence of, date of and receipt of any credit applications from the Plaintiff.

27.   The procedures in place at the Defendant to ensure that false or inaccurate information is not reported on any consumer's credit report.

28.   Whether or not the Defendant has reported credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

29.   The time, place, manner, and content of any reporting of credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

30.   The format of the Defendant's credit reportings from the furnisher [e.g.] Metro or Metro II format.

31.   The content of each available data field or segment reported relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

32.   The capability of the Defendant's computer to reproduce records of past credit reportings of the Plaintiff.

33.   Whether or not Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

34.   The time and form in which any consumer dispute was received, and the identity of any persons reviewing or acting on it.

35.   The time, place, and manner in which any actions were taken in response to any such notice of a consumer dispute.

36.   The steps and measures that were taken in the course of investigating or reinvestigating any credit information supplied by the furnisher, which credit information related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

37.   The content of any information which was used in order to investigate or reinvestigate any credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

38.   The identity of any individual who participated in or supervised any investigation or reinvestigation of a credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

39.   The existence and nature of the legal relationship between the furnisher and Defendant.

40.   Whether or not the Defendant's actions in relation to its reporting of credit data relating to the Plaintiff was willful.

41.   Whether or not the Defendant willfully failed in its duties to properly investigate or reinvestigate credit disputes sent by the Plaintiff to consumer reporting agencies.

42.   Whether or not the Defendant's actions in investigating or reinvestigating its credit reporting relating to the Plaintiff was willful.

43.   The motive and intent of the Defendant's actions in relation to its reporting and investigation or reinvestigation of the credit information relating to Plaintiff's personal identifiers.

44.   Defendant's procedures to comply with § 1681(e) requirements.

45.     The policies and procedures on investigating post-discharge reporting.

46.     Proper reporting for a discharged debt.

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**Watts Law Group, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**M. Stan Herring, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

/s/ S. Scott Allums
**S. Scott Allums (ALL063)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**S. Scott Allums, PC**
506 North 18th Street
Birmingham, Alabama 35020
(205) 426-7080
(205) 426-7090 *facsimile*
ssallums@gmail.com

**SERVE WITH THE SUMMONS AND COMPLAINT**