FILED

2011 Sep-21  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **SHONDU GREEN and** | ) | |
| **ADRIANE CRAWFORD GREEN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No.  2:11-cv-03345-PWG** |
| | ) | |
| **CHASE HOME FINANCE, LLC and** | ) | |
| **EQUIFAX INFORMATION SERVICES** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
### ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, hereby files its answers and defenses to Plaintiffs' Complaint ("Complaint").

### ANSWER

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.   In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1.      Responding to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, Equifax admits that Plaintiffs purport to bring this Complaint for damages for alleged violations of the FCRA, all of which Equifax denies any liability.

2.      Upon information and belief, Equifax admits the allegations contained in Paragraph 2.

3.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies them.

4.      Responding to the allegations contained in Paragraph 4, Equifax states that it is a Georgia Limited Liability Corporation with its principal place of business in Georgia and is a consumer reporting agency as defined by the federal Fair Credit Reporting Act.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and, therefore, denies them.

5.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies them.

6.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies them.

7.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies them.

8.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies them.

9.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies them.

10.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies them.

11.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies them.

12.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them.

13.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies them.

14.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies them.

15.     Responding to the allegations contained in Paragraph 15, Equifax states that it received two disputes from Plaintiffs regarding the Chase Home Finance account on May 1, 2010.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and, therefore, denies them.

16.     Equifax denies the allegations contained in Paragraph 16 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, therefore, denies them.

17.     Responding to the allegations contained in Paragraph 17, Equifax states that it received two disputes from Plaintiffs regarding the Chase Home Finance account on April 17, 2011.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies them.

18.     Equifax denies the allegations contained in Paragraph 18 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, therefore, denies them.

19.     Responding to the allegations contained in Paragraph 19, Equifax states that it received two disputes from Plaintiffs regarding the Chase Home Finance account on May 1, 2010.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, therefore, denies them.

20.     Responding to the allegations contained in Paragraph 20, Equifax states that it received two disputes from Plaintiffs regarding the Chase Home Finance account on May 1, 2010.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, therefore, denies them.

21.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Responding to the allegations contained in Paragraph 22, Equifax states that it received two disputes from Plaintiffs regarding the Chase Home Finance account on April 17, 2011.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, therefore, denies them.

23.     Responding to the allegations contained in Paragraph 23, Equifax states that it received two disputes from Plaintiffs regarding the Chase Home Finance account on April 17, 2011.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and, therefore, denies them.

24.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Responding to the allegations contained in Paragraph 26, Equifax states that it responded to Plaintiffs' dispute and reported that the matter had been verified as accurately reporting.  Equifax denies the remaining allegations contained in Paragraph 26.

27.     Responding to the allegations contained in Paragraph 27, Equifax states that it responded to Plaintiffs' dispute and reported that the matter had been verified as accurately reporting.  Equifax denies the remaining allegations contained in Paragraph 27.

28.     Responding to the allegations contained in Paragraph 28, Equifax states that it responded to Plaintiffs' disputes and reported that the matter had been verified as accurately reporting.

29.     Equifax denies the allegations contained in Paragraph 29 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 and, therefore, denies them.

30.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies them.

31.     Responding to the allegations contained in Paragraph 31, Equifax states that the provisions of the FCRA speak for themselves.

32.     Equifax denies the allegations contained in Paragraph 32.

33.     Responding to the allegations contained in Paragraph 33, defendant Equifax states that upon receipt of Plaintiffs' disputes it conducted an investigation that  included contacting Chase Home Finance.

34.     Equifax denies the allegations contained in Paragraph 34.

35.     Equifax denies the allegations contained in Paragraph 35 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and, therefore, denies them.

36.    Equifax denies the allegations contained in Paragraph 36 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 and, therefore, denies them.

37.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies them.

38.    Equifax denies the allegations contained in Paragraph 38 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and, therefore, denies them.

39.    Equifax denies the allegations contained in Paragraph 39 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 and, therefore, denies them.

40.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies them.

41.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies them.

42.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies them.

43.    Equifax denies the allegations contained in Paragraph 43 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 and, therefore, denies them.

44.    Equifax denies the allegations contained in Paragraph 44 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 and, therefore, denies them.

45.     Equifax denies the allegations contained in Paragraph 45 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 and, therefore, denies them.

46.     Equifax denies the allegations contained in Paragraph 46 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and, therefore, denies them.

47.     Equifax denies the allegations contained in Paragraph 47 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and, therefore, denies them.

48.     Equifax denies the allegations contained in Paragraph 48 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 and, therefore, denies them.

49.     Equifax admits the allegations contained in Paragraph 49.

50.     Equifax denies the allegations contained in Paragraph 50 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and, therefore, denies them.

51.     Equifax denies the allegations contained in Paragraph 51 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 and, therefore, denies them.

52.     Equifax denies the allegations contained in Paragraph 52 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and, therefore, denies them.

53.     Equifax denies the allegations contained in Paragraph 53 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and, therefore, denies them.

54.     Equifax denies the allegations contained in Paragraph 54 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 and, therefore, denies them.

55.     Equifax denies the allegations contained in Paragraph 55 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and, therefore, denies them.

56.     Equifax denies the allegations contained in Paragraph 56 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and, therefore, denies them.

57.     In response to Paragraph 57 of Plaintiffs' Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

58.     Responding the allegations contained in Paragraph 58, Equifax admits that it is a consumer reporting agency as defined by the federal Fair Credit Reporting Act.

59.     Upon information and belief, Equifax admits the allegations in Paragraph 59.

60.     Responding to the allegations contained in Paragraph 60, Equifax states that it received two disputes from Plaintiffs regarding the Chase Home Finance account on April 17, 2011 and two disputes from Plaintiffs on May 1, 2010.

61.     Responding to the allegations contained in Paragraph 61, defendant Equifax states that upon receipt of Plaintiffs' disputes on May 1, 2010 it conducted an investigation which included contacting Chase Home Finance.   Equifax is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and, therefore, denies same.

62.     Equifax denies the allegations contained in Paragraph 62.

63.     Responding to the allegations contained in Paragraph 63, defendant Equifax states that upon receipt of Plaintiffs' disputes on April 17, 2011 it conducted an investigation which included contacting Chase Home Finance.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 and, therefore, denies them.

64.     Equifax denies the allegations contained in Paragraph 64.

65.     Equifax denies the allegations contained in Paragraph 65 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 and, therefore, denies them.

66.     Equifax denies the allegations contained in Paragraph 66.

67.     Equifax denies the allegations contained in Paragraph 67 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 and, therefore, denies them.

68.     Equifax denies the allegations contained in Paragraph 68 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 and, therefore, denies them.

69.     Equifax denies the allegations contained in Paragraph 69 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 and, therefore, denies them.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiffs, Equifax pleads the following defenses to Plaintiffs' complaint:

## FIRST DEFENSE

As a defense, Equifax asserts that Plaintiffs' Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiffs' consumer credit files.

## THIRD DEFENSE

Equifax has acted in good faith and without malice or intent to injure Plaintiffs.

## FOURTH DEFENSE

Equifax's publication of information about Plaintiffs, if any, was privileged and justified.

## FIFTH DEFENSE

Equifax has complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in its handling of Plaintiffs' credit files.

## SIXTH DEFENSE

Plaintiffs' complaint seeks the imposition of punitive damages.  Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

## SEVENTH DEFENSE

Plaintiffs' damages, if any, were not caused by Equifax; but rather, they were caused by another person or entity for whom or for which Equifax is not responsible.

## EIGHTH DEFENSE

Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiffs' Complaint, Equifax prays that:

(1)     Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs;

(2)     That Equifax be dismissed as a party to this action;

(3)     That Equifax have a trial by jury on all issues so triable;

(4)     That this lawsuit be deemed frivolous and Equifax recover from Plaintiffs its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(5)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

This 21st day of September, 2011.

EQUIFAX INFORMATION SERVICES LLC


/s/ Victoria Franklin-Sisson
Victoria Franklin-Sisson
JONES WALKER WAECHTER POITEVENT
CARRERE & DENEGRE, LLP
1819 5th Avenue North - Suite 1100
Birmingham, AL 32503

11

(205) 244-5214
(205) 244-5000 - Fax

**Of Counsel:**

Brian J. Olson
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 215-5806
Fax: (404) 572-5172

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

John G. Watts, Esq.
Watts Law Group
The Kress Building
301 19th Street North
Birmingham, AL  35203

James F. Hughey, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203

Dated:  September 21, 2011.


.

/s/ Victoria Franklin-Sisson